## WIDINCAMP *et al. v.* BRIGMAN.

The assignments of error show no cause for new trial; and the verdict was authorized.

No. 6260. APRIL 12, 1928.

Equitable petition. Before Judge J. H. Thomas. Appling superior court. June 25, 1927.

*H. J. Lawrence,* for plaintiffs in error.

*J. B. Moore* and *J. P. Highsmith,* contra.

GILBERT, J. Mrs. Virdie Brigman brought suit against J. J. Widincamp, Newt Widincamp, and Silas Widincamp, to recover described land, for decree declaring title to be in her and ejecting

14

defendants, and for injunction to prevent the cutting and removing of timber. The defendants answered, denying the right of plaintiff to recover. They admitted that plaintiff and defendants claimed under a common grantor who died in possession of the land. An agreed statement of facts was filed, and evidence was introduced by both sides. The disputed issues were submitted in the form of questions to the jury, upon which special verdicts were found, all in favor of the plaintiff. The defendants moved for a new trial. The court overruled the motion, and the exception is to that judgment.

1. Movants complain of the admission in evidence of a security deed made by N. Widincamp Sr., predecessor in chain of title of plaintiff, to a bank, and a transfer thereof by the bank, over objection that authority for said transfer or the fact that those who signed it were the legal representatives of the bank was not shown, and that the deed and transfer were irrelevant. In view of the agreed statment of facts, this ground of the motion is without merit.

2. The grounds of the motion for new trial based upon certain charges of the court to the jury do not show error.

3. Error is assigned upon refusal of the court to charge the jury, as duly requested in writing, that it was a rule of law that alterations of deeds, if any found, were presumed to have been made before signature of the grantor. Under the facts of the case, the principle embodied in the request was not applicable.

4. Movants complain that the court refused a request to charge that title to land is not revested in the grantor by the surrender of a prior deed or its destruction, that a deed made subsequently to another would not pass title, that record is not conclusive proof of delivery, and if there was no delivery of a second deed the grantee therein was not divested of title obtained under a first deed. It was insisted that the court's general charge did not cover these principles, and that the doctrine of estoppel did not apply. Under the evidence this ground of the motion does not require the grant of a new trial.

5. Movants complain that the court erred in admitting in evidence a deed dated November 19, 1919, from N. Widincamp Sr., to J. J. Widincamp, conveying 50 acres of land, to correct a former deed conveying him 200 acres. The objection was that

the evidence was irrelevant, and that the grantee did not know of such deed until long after its execution. Under the evidence of J. J. Widincamp, to the effect that from the date of the deed made in 1919 until 1925 he ceased to return the 200 acres described in the deed of 1916, and only returned the 50 acres in accordance with the deed of 1919, and in view of the fact that this suit was filed in March, 1926, the jury would have been authorized to find that the grantee, J. J. Widincamp, had accepted the second deed correcting and nullifying the first; and therefore it was not error to admit the second deed in evidence.

6. Movants complain that the court erred in admitting in evidence executions appearing on the general execution docket of the county, against a number of the defendants, upon the ground of irrelevancy. The executions appear to be irrelevant and immaterial, but the error will not require the grant of a new trial.

7. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur.*